UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID HERBERT,

    Plaintiff,                                 Civil Action No. 05-74754-DT
v.                                         HONORABLE GEORGE CARAM STEEH
                                            UNITED STATES DISTRICT JUDGE
                                            HONORABLE VIRGINIA M. MORGAN
R.U.O. ROARK, et. al.                 UNITED STATES MAGISTRATE JUDGE

    Defendants,
                                           /

**OPINION AND ORDER OF SUMMARY DISMISSAL AND ORDER VACATING THE ORDER OF REFERENCE TO UNITED STATES MAGISTRATE JUDGE**

The Court has before it Plaintiff David Herbert's *pro se* civil rights complaint filed pursuant to 42 U.S.C. § 1983. Plaintiff is an inmate currently confined at the Gus Harrison Correctional Facility in Adrian, Michigan. On January 9, 2006, Magistrate Judge R. Steven Whalen signed an order of deficiency, which required plaintiff to provide the addresses of the defendants whom he wished to sue within sixty days of the date of the order or the complaint would be dismissed without prejudice against these defendants. To date, plaintiff has not complied with the Court's order.

An inmate bringing a civil rights complaint must specifically identify each defendant against whom relief is sought, and must give each defendant notice of the action by serving upon him or her a summons and copy of the complaint. *Feliciano v. DuBois,* 846 F. Supp. 1033, 1048 (D. Mass. 1994). Where a plaintiff

1

is proceeding *in forma pauperis,* the district court must bear the responsibility for issuing the plaintiff's process to a United States Marshal's Office, who must effect service upon the defendants once the plaintiff has properly identified the defendants in the complaint. *Williams v. McLemore,* 10 Fed. Appx. 241, 243 (6th Cir. 2001); *Byrd v. Stone,* 94 F. 3d 217, 219 (6th Cir. 1996); Fed. R. Civ. P. 4(c)(2); 28 U.S.C. § 1915(d).   Plaintiff has failed to provide the Court with the addresses of the defendants whom he wishes to sue.  In a Section 1983 action, it is the inmate's responsibility to provide the proper addresses of the defendants for service on these defendants. *See Lee v. Armontrout,* 991 F. 2d 487, 489 (8th Cir. 1993).  Plaintiff was given sixty days to comply with the order but failed to do so.  Courts have upheld the dismissal of a *pro se* prisoner's civil rights complaint, where the plaintiff failed to provide the district court with the names and addresses of all of the defendants that the plaintiff was filing suit against. *See Jaakola v. Snyder,* 889 F. 2d 1087; 1989 WL 137855, * 1 (6th Cir. November 16, 1989).

   The Court will dismiss the complaint without prejudice for want of prosecution, because of plaintiff's failure to comply with Magistrate Judge Whalen's deficiency order by timely providing the defendants' addresses to the Court. *See Erby v. Kula,* 113 Fed. Appx. 74, 75 (6th Cir. 2004).  Because the complaint is being dismissed, the Court will vacate its Order of Reference To United States Magistrate Judge Morgan dated April 12, 2006.

IT IS HEREBY ORDERED that Plaintiff's complaint is DISMISSED WITHOUT PREJUDICE.

IT IS FURTHER ORDERED THAT the Order of Reference to United States Magistrate Judge Morgan is VACATED.

S/George Caram Steeh  
GEORGE CARAM STEEH  
UNITED STATES DISTRICT JUDGE

Dated:  May 9, 2006

## CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record on May 9, 2006, by electronic and/or ordinary mail.

S/Josephine Chaffee  
Secretary/Deputy Clerk