UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID HERBERT,

        Plaintiff,

                                  Civil Action No. 05-CV-74754-DT

vs.                               HON. GEORGE CARAM STEEH

R.U.O. ROARK, et al.,

        Defendant.

_____/

## OPINION AND ORDER OF DISMISSAL WITHOUT PREJUDICE

This Court has before it pro se Plaintiff David Herbert's 42 U.S.C. § 1983 civil rights complaint, filed while he was an inmate confined at the Gus Harrison Correctional Facility in Adrian, Michigan. Plaintiff has since been transferred and is currently confined at the Newberry Correctional Facility in Newberry, Michigan.

As an inmate bringing a civil rights complaint, Plaintiff must effectuate service of the complaint and summons upon the Defendants pursuant to the available procedures. Feliciano v. DuBois, 846 F. Supp. 1033, 1048 (D. Mass. 1994); Williams v. McLemore, 10 Fed. App'x 241, 243 (6th Cir. 2001); Fed. R. Civ. P. 4(c)(2); 28 U.S.C. §1915(d). While Plaintiff contends all Defendants were properly served, the docket does not reflect such service. On February 20, 2007, upon reconsideration pursuant to E.D. Mich. Local R. 7.1(g)(3), this Court ordered the plaintiff to re-serve the Office of the Clerk with sixteen

copies of the complaint and the federal summons ("Order"). These sixteen copies were to clearly state each defendants' name, occupational title, and work address, clearly indicating that each defendant was to be served at his or her work address. Plaintiff had sixty days to comply with the Order.

This Court has received three documents since this Court issued the Order. On March 27, 2007, Plaintiff's document entitled "Federal Court and Records," reiterating the main elements of his complaint, was filed. Also on March 27, 2007, a "Motion and Request for Order to Federal Custody" was filed, alleging, inter alia, that prison mail-room employees tampered with his legal mail. A "Proof of Mailing" was filed on May 23, 2007, averring that Plaintiff sent assorted legal documents to various federal and state agencies. In these documents, Plaintiff does not make any reference to the Order.

More than sixty days have passed, and Plaintiff has failed to comply with the Order. This Court notes, however, that despite Plaintiff's interest and involvement in this suit, he did not refer to the Order in his recent documents. Further, this Court acknowledges that the docket does not show service at Plaintiff's new address and that Plaintiff alleges tampering with his legal mail. It is entirely possible that Plaintiff did not receive the Order[1] or failed to receive it in a timely fashion. Consequently, this Court recognizes that a dismissal with prejudice, as the Order originally dictated, is inappropriate in this case.

---

[1] The Court has attached a copy of the February 20, 2007 Order for the Plaintiff with this Opinion and Order.

Rather, this Court will dismiss Plaintiff's case without prejudice, allowing Plaintiff to revisit his claim pursuant to appropriate procedural requirements. Thus,

IT IS SO ORDERED that this case be dismissed WITHOUT PREJUDICE.

Dated: July 9, 2007

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on July 9, 2007, by electronic and/or ordinary mail.

s/Josephine Chaffee
Deputy Clerk

---