UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID HERBERT,

        Plaintiff,

vs.

        Civil Action No. 05-CV-74754-DT

        HON. GEORGE CARAM STEEH

R.U.O. ROARK, et al.,

        Defendant.
_____/

## ORDER DENYING MOTION FOR RECONSIDERATION (#25)

This Court has before it a motion filed by pro se Plaintiff David Herbert concerning his 42 U.S.C. § 1983 civil rights complaint, originally filed while he was an inmate confined at the Gus Harrison Correctional Facility in Adrian, Michigan. Plaintiff has since been transferred and is currently confined at the Newberry Correctional Facility in Newberry, Michigan.

When an inmate brings a civil rights complaint in forma pauperis, service of the complaint and summons must be effectuated upon each of the defendants by a United States marshal, deputy United States marshal, or other person or officer specially appointed by the court for that purpose. Fed. R. Civ. P. 4(c)(2); 28 U.S.C. §1915(d); Feliciano v. DuBois, 846 F. Supp. 1033, 1048 (D. Mass. 1994); Williams v. McLemore, 10 Fed. App'x 241, 243 (6th Cir. 2001). On February 20, 2007, upon reconsideration pursuant to E.D. Mich. LR 7.1(g)(3), this Court ordered the plaintiff to re-serve the Office of the Clerk of the United States District Court for the Eastern District of Michigan with sixteen copies of the complaint and the federal summons ("Order"). These sixteen

copies were to clearly state each defendant's name, occupational title, and work address, clearly indicating that each defendant was to be served at his or her work address. Plaintiff had sixty days to comply with the Order, but failed to do so. Considering the circumstances, this Court dismissed Plaintiff's case without prejudice on July 9, 2007.

On July 23, 2007, Plaintiff filed two documents, a "Certification of Service" and a "Motion to Revisit." In the "Certification of Service," Plaintiff attests he sent thirty copies of the complaint and summons to the prison administration for Gus Harrison Correctional Facility, where the violation allegedly took place. Given that the matter had already been dismissed without prejudice, such "service," even if directed by the court, would not cause the lawsuit to be revived. The plaintiff's sending of documents to the prison administration could not effect service, and does not comply with applicable rules or prior orders of this Court. Williams v. McLemore, 10 Fed. App'x 243; 28 U.S.C. §1915(d).

At this point, plaintiff's case remains dismissed without prejudice. If he desires to pursue the dismissed claims, he may file a new complaint, requesting pauper status, and abide by all applicable rules regarding service. Accordingly, plaintiff's motion is DENIED.

Dated: August 15, 2007

           s/George Caram Steeh
           GEORGE CARAM STEEH
           UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys and/or parties of record on August 15, 2007, by electronic and/or ordinary mail.
s/Josephine Chaffee
Deputy Clerk